IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BURRIS, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. CIV-06-1058-C |
| ) | |
| NOVARTIS ANIMAL ) | |
| HEALTH U.S., INC., ) | |
| ) | |
| Defendant ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant as a territory manager for sales. In this position, Plaintiff was responsible for calling on various veterinary clinics in his region and attempting to sell them Defendant's products. In April of 2005, Plaintiff requested and received medical leave pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*, ("FMLA") to receive treatment for alcoholism. Plaintiff returned to work in June of 2005. On June 15, 2005, Plaintiff was placed on a 30-day objective plan. On August 11, 2005, Plaintiff was placed on a Performance Improvement Plan ("PIP"). On October 4, 2005, Plaintiff was terminated. According to Defendant, the basis for Plaintiff's termination was the failure to meet the goals of the PIP.

Plaintiff filed the present action asserting he was discriminated against and retaliated against due to his use of FMLA leave and because he is disabled under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). Defendant denies Plaintiff's claims of discrimination/retaliation and argues the undisputed facts entitle it to judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

Plaintiff argues that Defendant's treatment of him and his subsequent termination were in retaliation for his exercise of his rights under the FMLA. According to Plaintiff, once he returned from leave, his supervisor's actions towards him took a turn for the worse and he was eventually terminated. In the alternative, Plaintiff argues that he was disabled under the provisions of the ADA and his termination violated his rights under that Act.[1]

The Tenth Circuit has set out the requirements for establishing a prima facie case of FMLA retaliation: "To state a prima facie case of retaliation, [Plaintiff] must show that: (1) []he engaged in a protected activity; (2) [Defendant] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." Metzler v. Federal Home Loan Bank of Topeka, 464 F.3d 1164, 1171 (10 Cir. 2006) (footnote and citation omitted). Here, there is no dispute regarding the first two elements. Plaintiff took FMLA leave and thereby engaged in protected activity. Likewise, Plaintiff's termination is an action that a reasonable employee would find adverse. Defendant does not directly challenge Plaintiff's ability to satisfy the third element, but does raise an argument which could be read to challenge Plaintiff's ability to satisfy his burden. In establishing the causal connection required under the third element, Plaintiff "must show a causal connection between [his] protected activity of taking FMLA leave and [Defendant's] decision to terminate [his] employment." Id.

---

[1] For purposes of this motion, the Court will accept Plaintiff's argument that he has made out a prima facie case under the ADA and consider the viability of his claims at the pretext stage.

Plaintiff argues that the temporal proximity of his adverse treatment is sufficient to establish a prima facie case. In considering questions of causal connection, the Tenth Circuit has stated:

> We have repeatedly recognized temporal proximity between protected conduct and termination as relevant evidence of a causal connection sufficient to "justify an inference of retaliatory motive." See, e.g., Haynes [v. Level 3 Commc'ns, LLC], 456 F.3d 1215, 1228 [(10th Cir. 2006)]. We have emphasized, however, that a plaintiff may rely on temporal proximity alone only if "the termination is very closely connected in time to the protected activity." Anderson v. Coors Brewing, 181 F.3d 1171, 1179 (10th Cir. 1999)

Metzler, 464 F.3d at 1171. Here, Plaintiff asserts that the adverse actions began within two weeks of his return from FMLA leave. The Circuit has found a much longer period to establish a temporal proximity sufficient to satisfy the causal connection. See id. at 1172 (finding six-week period establishes close connection between protected activity and adverse action); Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 596 (10th Cir. 1994) (noting one-and-one-half month period sufficiently close in time to establish causal connection). Thus, Plaintiff has established a prima facie case of retaliation. Under the McDonnell Douglas,[2] burden-shifting analysis, Defendant must now come forward with a non-discriminatory reason for the termination.[3]

In support of its obligation, Defendant asserts that Plaintiff was fired because his job performance was inadequate. In particular, Defendant notes that Plaintiff failed to satisfy the

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

[3] As noted above, the Court's analysis of Plaintiff's ADA claim will begin at this stage of the McDonnell Douglas test.

requirements of two specific plans. In June of 2005, Plaintiff was given a list of 30-day objectives and guidelines he was required to meet to satisfy the obligations of his job. Plaintiff was informed that failure to meet the objectives and guidelines would lead to additional specific and time sensitive objectives. According to Defendant, Plaintiff failed to meet the 30-day list of objectives and guidelines and, on August 11, 2005, Plaintiff was placed on a Performance Improvement Plan ("PIP"). Defendant asserts that when Plaintiff failed to satisfy the requirements of the PIP, he was terminated. Thus, Defendant has offered a non-discriminatory reason for Plaintiff's termination. Because Defendant has satisfied its burden, Plaintiff must now demonstrate Defendant's reason was a pretext to hide the true discriminatory purpose behind the act(s).

Plaintiff offers several arguments to demonstrate Defendant's proffered reason for his termination was pretextual. First, Plaintiff points to the timing of the actions leading up to and including his termination. According to Plaintiff, these actions began a mere two weeks following his return from FMLA leave and after Defendant was aware that he had a disability. However, the Tenth Circuit has made clear that temporal proximity standing alone cannot demonstrate pretext.[4] See Metzler, 464 F.3d at 1172; Medina v. Income Support Div., 413 F.3d 1131, 1138 (10th Cir. 2005); Annett v. Univ. of Kan., 371 F.3d 1233, 1241 (10th Cir. 2004). Rather, as the Circuit noted in Metzler, "[t]o raise a fact issue of pretext,

---

[4] The cases cited by Plaintiff do not stand for the proposition that temporal proximity was sufficient to establish pretext. Rather, the cases noted that temporal proximity may be sufficient to establish the causal connection necessary to establish a prima facie case.

5

[Plaintiff] must therefore present evidence of temporal proximity plus circumstantial evidence of retaliatory motive." Metzler, 464 F.3d at 1172.

Plaintiff argues that in addition to the temporal proximity, the goals set by Defendant relied on subjective criteria and lacked supporting documentation, that Defendant inconsistently enforced its policies and that others who took medical leave were also treated unfairly. In support of his arguments regarding the lack of objective criteria or supporting documentation, Plaintiff points to documents demonstrating Plaintiff's performance before he went on leave and after being placed on the PIP. Plaintiff argues these documents show that his sales were at or near the top on many items and that the requirements of the PIP were unreasonable. Plaintiff argues that other similarly situated employees who had lower performance numbers were not placed on a PIP. However, Plaintiff's arguments do not create a jury question on the issue of the criteria employed by the PIP. As for the lack of supporting documentation, Defendant has attached to its brief Exhibit 17, which is an e-mail from Plaintiff to his supervisor sent approximately two weeks after implementation of the PIP. In that e-mail, Plaintiff admits that he failed to meet the requirements of the PIP. Thus, whether or not Defendant was correct in deciding that Plaintiff's performance was bad enough to warrant termination, the undisputed evidence demonstrates that Plaintiff had failed to meet the requirements set forth in the PIP. Thus, Defendant's decision cannot be considered evidence of pretext. As the Tenth Circuit has made clear, simply using poor business judgment is not evidence of pretext.

> "The relevant inquiry is not whether [the employer's] proffered reasons were wise, fair or correct, but whether [it] honestly believed those reasons and acted in good faith upon those beliefs." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1318 (10th Cir. 1999), overruled on other grounds by National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision." Watts v. Norman, 270 F.3d 1288, 1295 (10th Cir. 2001) (internal quotation marks omitted). "An articulated motivating reason is not converted into pretext merely because, with the benefit of hindsight, it turned out to be poor business judgment." McKnight [v. Kimberly Clark Corp.], 149 F.3d [1220]at 1129 [(10th Cir. 1998)]; see also Tran v. Trs. of State Colls. in Colo., 355 F.3d 1263, 1268-69 (10th Cir. 2004) (employer's good faith belief "would not be pretextual even if the belief was later found to be erroneous") (internal quotation marks omitted).

Rivera v. City & County of Denver, 365 F.3d 912, 924-25 (10th Cir. 2004). Indeed, even when accepted as true, Plaintiff's arguments do not establish pretext. The relevant inquiry is not whether or not Plaintiff's performance merited a PIP or whether or not his failure to meet the requirements of PIP required termination, but whether Defendant reasonably believed its actions were correct. See Swackhammer v. Sprint/United Management Co., 493 F.3d 1160, 1170 (10th Cir. 2007) ("'The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs.'") (quoting Rivera, 365 F.3d 924-25).

Plaintiff's argument of inconsistent enforcement of policies is likewise unhelpful. Plaintiff argues that similarly situated employees were not placed on a PIP or 30-day plan even though their performance was worse than Plaintiff's. However, Plaintiff fails to address whether the other employees had the long history Plaintiff had of subpar performance in various areas. Thus, Plaintiff has failed his burden of showing the other employees were

similarly situated. See Aramburu v. Boeing Co., 112 F.3d 1398, 1404 (10th Cir. 1997) ("A court should also compare the relevant employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees in determining whether they are similarly situated."). In considering Plaintiff's work history and the evidence presented by Defendant of the numerous problems in complying with company procedure Plaintiff had in the past, it is clear that Plaintiff is not similarly situated to those employees to which he compares himself. Plaintiff simply seeks to argue that because he had engaged in protected activity and feels he was treated differently, he has established pretext. The law requires more. See E.E.O.C. v. Flasher Co., Inc., 986 F.2d 1312, 1319-20 (10th Cir. 1992):

> It is error to assume, as does the EEOC, that differential treatment between a minority employee and a non-minority employee that is not explained by the employer in terms of a rational, predetermined business policy must be based on illegal discrimination because of an employee's protected class characteristics. Such an assumption is neither correct under the law nor is it an accurate reflection of reality.

See also Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1121 (10th Cir. 2007) ("it is up to the plaintiff to establish not only that differential treatment occurred, but also to rule out nondiscriminatory explanations for the differential treatment."). Because Plaintiff has failed to demonstrate the existence of a question of fact on the issue of whether or not Defendant's reasons for the termination were pretextual, his FMLA and ADA claims must fail.

Because Plaintiff cannot recover for either his FMLA-based claim or his ADA-based claim, it is unnecessary to resolve Defendant's challenge to Plaintiff's quest for punitive damages.

## CONCLUSION

As set forth more fully herein, even when the facts are viewed in the light most favorable to Plaintiff, it is clear that no reasonable jury could find Plaintiff was subjected to discrimination/retaliation.  Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 39) is GRANTED.  A separate judgment will issue.

IT IS SO ORDERED this 19th day of November, 2007.

ROBIN J. CAUTHRON
United States District Judge